## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  Scott Venters | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | **)** | |
| | **)** | |
| v. | ) | July Demand Requested |
| | **)** | |
| Client Services, Inc. | ) | |
| 3451 Harry S. Truman Blvd | ) | |
| Saint Charles, MO 63301-4047 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Scott Venters, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Client Services, Inc., Incorporated.  Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA makes clear that within five days of any initial communication, a debt collector clearly state who the current creditor of the Debtor is. 15 U.S.C. Section 1692g

## APPLICABLE CASE LAW

3. In *Janetos vs. Fulton Friedman & Gullace, LLP* (No. 15-01859), (7th Cir., 2016), the Seventh Circuit Court of Appeals stated if a dunning letter fails to disclose the required language in 15 U.S.C. Section 1692g(a), it violates the FDCPA.

4. Said case stated "[T]o satisfy Section 1692g(a), the debt collector's notice must state the required information 'clearly enough that the receipient is likely to understand it.'" *Id.*

5. The act requires a Debt Collector, such as the Defendant in this case,

to the creditor to whom the debt is owed. *Id.*

6. If an initial dunning letter fails to disclose the required information clearly, it violates the FDCPA, without further proof of confusion. *Id.*

## JURISDICTION AND VENUE

7. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

8. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

9. Plaintiff, Scott Venters (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

10. Plaintiff is a resident of the State of Illinois

11. Defendant, Client Services, Inc. ("Defendant"), is a Missouri business entity with an address of 3451 Harry S Truman Blvd., Saint Charles, MO 63301-4047 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

12. Unless otherwise stated herein, the term "Defendant" shall refer to Client Services, Inc..

13. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

14. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $5,239.63 (the "Debt") to a creditor (the "Creditor")

15. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.

16. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

17. On September 13, 2017, Defendant sent an initial communication to Plaintiff. See Exhibit A.

18. On or about September 20, 2017, Plaintiff received said communication from Defendant.

19. Said letter does not state whom this debt is owed to. See Exhibit A.

20. Said letter only states in the caption "RE: FIFTH THIRD BANK" See Exhibit A.

21. Then in the opening line of said letter, it states "[T]he above account has been placed with our organization for collections."

22. Nothing in the letter states who the creditor is or who the debt is owed to at all.

23. The Plaintiff, as well as any unsophisticated consumer, is unclear on who the creditor is that that this debt is owed to. See Exhibit A.

24. This letter gives the unsophisticated consumer (or anyone else for that matter) no clear guidance as to whom the debt is owed to.

25. The letter is confusing and unclear to the Plaintiff who the debt is actually owed to.

## STANDING AND INJURY

26. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

27. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

28. The rights and obligations established by section 1692g were considered by the Senate at the time of passage to be a "significant feature" of the Act. "This provision [section 1692g] will eliminate the recurring problem of collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."

reprinted in

29. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

30. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Defendant's conduct violated 15 U.S.C. Section 1692g(a) by not stating who the creditor was on this matter.

**JURY DEMAND**

33. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

34. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff